652 March 11, 2026 No. 182

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM FREDRICK HOLDNER,
*Defendant,*

*and*

Jane BAUM,
Personal Representative of the Estate of
Wiliam Frederick Holdner,
*Applicant-Appellant.*

Columbia County Circuit Court
101078; A182243

John A. Wittmayer, Senior Judge.

Argued and submitted March 20, 2025.

Sara Kobak argued the cause and filed the opening brief for appellant. Also on the reply brief were Thomas J. Payne and Schwabe, Williamson & Wyatt, PC.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Pagán, Judge, and Walters, Senior Judge.

WALTERS, S. J.

Reversed and remanded.

**WALTERS, S. J.**

The question before us is whether the trial court was required to conclude that the deceased—defendant in this criminal proceeding—had satisfied his obligation to pay a fine imposed in his judgment of conviction, defeating the state's probate court claim for payment of that sum.

We answer that question affirmatively, and, in short, we (1) interpret the judgment of conviction as imposing a fine and a condition of probation requiring that defendant remove cattle from his properties within a specified period of time; (2) interpret the judgment of conviction as suspending the fine upon compliance with that condition; (3) interpret subsequent rulings of the sentencing court as accepting defendant's representation that he had removed the cattle within the time permitted and effectively finding that, because defendant had complied with the condition necessary for suspension of the fine, the fine and defendant's obligation to pay it was suspended; and (4) reverse the decision of the trial court denying applicant's motion for full satisfaction of judgment and remand for entry of a full satisfaction of judgment.

We begin by setting out the relevant facts in detail and then proceed to the arguments of the parties.

## FACTUAL BACKGROUND

Defendant was convicted of first- and second-degree unlawful water pollution, and the sentencing court entered its judgment of conviction in May 2012. In that judgment, the sentencing court placed defendant on probation on all counts (two years on two felony counts and three years on 25 misdemeanor counts) and included as a special condition of probation that he remediate "all property that involves cattle" and "dispossess" himself, his business entities, and his land of all cattle. On the two felony counts, the court also imposed the following fines:

On Count 2, unlawful water pollution in the first degree, the court imposed a fine of $225,000 with the following provision: "Suspend $100,000 if $50,000 is placed

in [defendant's attorney's] firm trust account. Remediation costs to be paid from trust account, with the remainder to be returned to [defendant]. $125,000 suspended if cattle are gone from property in 90 days."

On Count 3, unlawful water pollution in the first degree, the court imposed a fine of $75,000.

In July 2012, more than 90 days after defendant's sentencing, the state filed a motion for an order to show cause why defendant's probation should not be revoked based on his failure to dispossess himself of the cattle within the time permitted. After a contested hearing, the sentencing court found defendant in violation of probation but declined to impose a sanction. Instead, on August 13, 2012, the court entered an order continuing defendant's probation and included the following "disposition regarding probation":

> "Defendant must transfer cattle to mutually agreed receiver or feed lot who will oversee the sale. Must arrange w/in 2 weeks. Cost borne by defendant. Receiver may make transfers and communicate with court regarding timing of sale. Fine remains suspended for 60 days pending removal of cattle."

The next month, defendant filed a status report and asked the court to find that a receiver was unnecessary and that defendant should be allowed to continue his efforts and report his progress to the court within 30 days.

At a hearing on October 12, 2012, defendant represented that some of the cattle had been sold and transferred, but that some cattle were still on his property. Defendant asked for another 30 days to remove those cattle. The state objected, arguing that defendant already had been given "innumerous opportunities to get rid of the cattle." The state characterized the proceedings to date as follows:

> "[Defendant] was given substantial fines and $125,000 was suspended if he got rid of the cattle within 90 days. He did not, obviously, get rid of them within 90 days, nor did he get rid of them within 139, 172 or 205. Each of those numbers being the specific dates that we've appeared before the Court."

The state continued as follows:

> "They're here asking for yet another extension. What
> the State was prepared to ask for, although I understand
> you're not—Your Honor is not inclined to grant this at this
> time, but the State was going to ask at least that $125,000
> that was suspended if he obeyed the Court's orders for the
> 90 days be imposed since we're 205 out.

> "Secondarily, what the State seeks, similar to the
> Court's goal here, is to get the cattle off the property. ***
> So the State asks the Court to impose the shortest period
> of time possible to get the cattle off the property."

At the close of the hearing, the sentencing court
granted defendant's request for another 30-day extension,
explaining that defendant's attorney had convinced the
court that defendant had "made some substantial efforts to
transfer the cattle." However, the court also indicated that
no further extensions would be granted and warned:

> "And with those representations, what I will tell you
> today is that in 30 days those cattle *** have to be gone
> *** I don't know where they need to be but they cannot be
> on your property. *** So if that takes place in 30 days, we
> move on. If that is not in place, the suspension of that fine
> is going to be lifted and you're facing the—the $125,000
> fine, plus one of your probations will be revoked and you'll
> be sent to jail."

The next hearing occurred on November 13, 2012.
Defendant reported that, "with respect to the status, the
cattle are gone," "they're all off of [defendant's] property,"
and "[e]verything's done." When asked for its position, the
state responded that it did not have one "at this time." The
state said that it would need to get its agents out to inspect
the properties and that "we're just going to have to wait
until we hear from them." The state then made the following
suggestion:

> "What I would suggest to the Court regarding the status
> conference itself is that if the State learns that there are
> other cattle on the other properties owned or leased by
> [defendant], *** we may ask to get the issue back in front
> of the Court again. But, at this time, I think we can just
> leave it as is."

The sentencing court ruled as follows:

> "Based on [state counsel's] representations then the Court will take *** no further action on the probation matter."

In the following year, before defendant's sentences had been completed, defendant moved for an order allowing the release of remediation funds that he had deposited in his attorney's trust fund. As indicated, the terms of defendant's probation included imposition of a fine of $225,000 with the provision that $100,000 of that fine would be suspended "if $50,000 is placed in [defendant's attorney's] firm trust account. Remediation costs to be paid from trust account, with the remainder to be returned to [defendant]." In his motion for release of funds, defendant represented that he had deposited the sum of $30,979.18 into his attorney's firm trust account (a reduced sum that had been permitted by prior order of the sentencing court), that the remediation work had been completed, that there were no cattle on his properties, and that a particular assistant attorney general "indicates that as there are no cattle located on the properties and as the remediation has been completed, the State does not object to the release of the Remediation Fund." In a written order entered on July 26, 2013, the sentencing court ordered that the funds held pursuant to the judgment of conviction "may be released as the remediation mandate has been satisfied."

Defendant finished his probationary sentences in 2015 without any additional findings of probation violations or revocation of his probation, and he died in October 2022.

After learning of defendant's death, the state submitted a claim in probate court demanding payment of the fine imposed in Count Two of the 2012 judgment—approximately $225,000.[1] Applicant, the personal representative of the estate, filed a notice of disallowance, and, in response, the state acknowledged that defendant had

---

[1] The state sought the total amount of the fine imposed on Count Two—$225,000—and related costs and fees. In 2022, the personal representative had paid the fine of $75,000 imposed on Count Three, and the state did not file a claim for that sum.

satisfied the remediation condition in the judgment entitling him to suspension of $100,000 of that fine and filed a partial satisfaction of judgment for that sum in the criminal proceeding. In that partial satisfaction, the state recited that the sentencing court's order of July 26, 2013, "confirms that the condition for the suspension of the $100,000 fine for remediation under Count 2 is fully satisfied." The state did not, however, acknowledge that defendant had satisfied the condition for the suspension of $125,000 of the fine by removing all cattle from his properties. To resolve the matter, applicant filed a motion in the criminal proceeding for an order of full satisfaction of the judgment. *See* ORS 137.452(4)(a) ("[W]hen the entries in the register and the financial accounting records for the court show conclusively that a monetary obligation imposed in a criminal action has been paid in full, the clerk of the court may note in the register that the money award portion of the judgment has been paid in full.").

In the criminal proceeding, the trial court held a hearing, and the state took the position that the record was not sufficiently clear to enable the court to make a finding that defendant had met the condition requiring removal of cattle from his properties within the time permitted. The state characterized the sentencing court's ruling at the November 2012 hearing as ambiguous, but, when asked whether a factual hearing was required, the state answered that it was not necessary "for the court to relitigate the case at this time." Instead, the state argued, "all we can do is look at the record, and if Your Honor * * * thinks that given the nature of this record that it's clear that [defendant] met those conditions, then * * * Your Honor could satisfy the judgment. The state just doesn't think it's as clear as [applicant's attorney does]."

The trial court agreed with the state and ruled, "I do not think the record is clear enough to permit me to either order the state to issue a satisfaction or for me to sign a judicial satisfaction. I think the record's not clear that that's the remedy that's available."

Applicant filed this appeal.

ARGUMENTS OF THE PARTIES

The parties begin their arguments with two different interpretations of the terms of the 2012 judgment. Applicant contends that the judgment did not impose a fine of $225,000. Rather, applicant argues, the judgment suspended $125,000 of the $225,000 fine. According to applicant, that means that defendant was not obligated to pay that suspended sum unless the state demonstrated that defendant did not remove the cattle, that the suspension was revoked, and that the full fine of $225,000 was executed. In contrast, the state contends that the judgment imposed a fine of $225,000 and provided that $125,000 of that fine would be suspended "if" defendant removed cattle from his property within 90 days. According to the state, that means that defendant was obligated to pay the full fine of $225,000 unless he demonstrated that the court had suspended defendant's obligation to pay the sum of $125,000.

Alternatively, applicant argues that, after the fine was imposed, the sentencing court found that the condition necessary to its suspension—the removal of the cattle—had been met, which had the effect of suspending the $125,000 fine and defendant's obligation to pay it. Consequently, applicant argues, the trial court was required to grant her motion for full satisfaction of judgment under ORS 137.452(4)(a). In response to that argument, the state asserts that the trial court was required to enter a full satisfaction of judgment only if the record clearly established that defendant had made the necessary payment or been excused from that obligation. The state contends that because the sentencing court did not enter a finding that the cattle had been removed and did not suspend the $125,000 fine or modify the 2012 judgment, the trial court was not required to grant defendant's motion.

ANALYSIS

We review a question of entitlement to the relief of satisfaction of judgment for legal error. *See Cooksley v. Lofland*, 289 Or App 103, 106, 407 P3d 954 (2017) (so reviewing a motion for partial satisfaction of the judgment). To reach the question of whether the trial court committed legal error, we must begin, however, as the parties do, with the

2012 judgment and whether it imposed or suspended a fine of $125,000. We agree with the state that the terms of the 2012 judgment are clear and unambiguous. The judgment imposed a fine and provided that it would be suspended upon the occurrence of a subsequent event—the removal of cattle within 90 days. By the plain terms of the judgment, the burden was on defendant to show that that condition had been met.

That is true, we conclude, despite the fact that, as applicant argues, both the sentencing court and the prosecutor referred to the fine as already having been suspended and suggesting that it was subject to subsequent execution. For instance, in the court's written order of August 13, 2012, extending the period for removal of the cattle, the court stated that the fine "*remains suspended* for 60 days pending removal of cattle." (Emphasis added.) At the October 2012 status hearing, the state said that it had considered asking "at least that $125,000 that *was suspended*" be imposed. (Emphasis added.) And, at the conclusion of that hearing, the court granted defendant's request for additional time, stating that, if defendant did not comply within the extra 30 days granted, the "*suspension* of that fine is going to be lifted and you're facing * * * the $125,000 fine, plus one of your probations will be revoked and you'll be sent to jail." (Emphasis added.)

Accordingly, the state acknowledges that both the sentencing court and the prosecutor referred to the fine as "suspended." However, the state argues, the use of that word is ambiguous and does not necessitate a different interpretation of the terms of the judgment. Although the state acknowledges that the sentencing court and the prosecutor may have understood the 2012 judgment as having both imposed and suspended the fine, it also contends that the court and prosecutor may have referred to the fine as "suspended" to convey the idea that defendant's obligation to pay the fine was suspended; in other words, that defendant had been granted an extension of time to pay a fine that, although not yet due, was imposed and owing rather than having already been suspended. That latter interpretation accords with the terms of the judgment itself and, we conclude, is

the correct interpretation. The judgment conditions suspension of the fine on an action by defendant—removal of the cattle—that had not yet occurred when the court and the prosecutor referred to the fine as "suspended."

As noted, however, that is not the end of applicant's argument. Applicant contends, alternatively, that, after the fine was imposed, the sentencing court found that the condition necessary to its suspension—the removal of the cattle—had been met, effectively suspending the fine and defendant's obligation to pay it. In response to that argument, the state asserts that the sentencing court "did not at any time find as fact that defendant had removed the cattle and it did not issue a judgment suspending the fine or modifying the money award."

Our review of the record convinces us that the sentencing court made a finding that defendant had removed the cattle from his properties within the time permitted. As indicated, at the November 13, 2012, hearing on the state's motion to revoke defendant's probation, defendant reported that "the cattle are gone." When asked for its position, the state responded that it would need to get its agents out to inspect the properties and that if it learned that there were cattle there, it might ask to get the issue before the court, but that the court could "just leave it as is." Based on the state's representation, the sentencing court ruled that it would take "no further action on the probation matter," effectively denying the state's motion to revoke defendant's probation.

The state is correct that the trial court did not make an express finding, either orally or in writing, that defendant had removed the cattle and that $125,000 of the fine was suspended, but the record can only be understood as indicating that the trial court accepted defendant's representation that the cattle were gone and determined that he was in compliance with the conditions of his probation—effectively a determination that defendant had removed the cattle within the time permitted.

That understanding is confirmed by a subsequent ruling of the trial court in July 2013, when defendant made

a motion to modify the conditions of his probation to allow for the release of the remediation funds that were being held in his attorney's trust fund as a condition for the suspension of $100,000 of the $225,000 fine. In his motion, defendant represented that the remediation work had been completed and that *there were no cattle on his property*. Defendant represented that a particular assistant attorney general "indicates that *as there are no cattle located on the properties* and as the remediation has been completed, the State does not object to the release of the Remediation Fund." (Emphasis added.) Again, the sentencing court accepted defendant's representation that the cattle were gone, the state did not argue otherwise, and the sentencing court ruled accordingly.

Nevertheless, in its argument to us, the state takes the position that those rulings of the sentencing court are insufficient. The state gives three reasons for its position.

First, in support of its argument that the sentencing court's rulings were ambiguous, the state mentions that defendant's representation that the cattle were gone was unsworn. We do not see that fact as significant. What is significant is that the state did not contest defendant's representation, and the sentencing court accepted it.

Second, the state suggests that even if the record unambiguously shows that the condition necessary to suspension of $125,000 of the fine was met, the plain terms of the 2012 judgment control. The state argues that, absent modification of the judgment, the fine remains imposed and is due and owing. However, by referring us to the plain terms of the judgment, the state answers its own argument. The terms of the judgment provide that suspension occurs if and when specified actions—removal of the cattle and remediation—take place. The terms of the judgment do not require a modification of the judgment to effectuate the suspension of the payment obligation.

The state acknowledged as much when it filed its partial satisfaction of $100,000 of the $225,000 fine. When defendant reported to the sentencing court that he had deposited the required sum into counsel's trust account and taken the necessary remediation actions, the sentencing court made a finding that the remediation requirements of

the 2012 judgment had been met. Accordingly, in this later proceeding, the state filed a partial satisfaction of judgment in the sum of $100,000 and recited that the sentencing court's order "confirms that the condition for the suspension of the $100,000 fine for remediation under Count 2 is fully satisfied." That filing was appropriate. The state correctly did not argue that the sum of $100,000 remained due and owing because the sentencing court did not explicitly order that the obligation to pay that sum was suspended or order a modification of the 2012 judgment.

To the contrary, the state's failure to recognize that the condition for suspension of the $125,000 fine had been met was erroneous. Just as all that was required for suspension of the obligation to pay the sum of $100,000 was a sentencing court finding that defendant had taken the necessary remediation actions, all that was required for suspension of defendant's obligation to pay the sum of $125,000 was a sentencing court finding that defendant had removed the cattle. In both instances, the findings were made, and that was sufficient to suspend defendant's obligation to pay the $225,000 fine.

It is true, of course, that as to the sum of $125,000, the sentencing court did not issue a written order finding that defendant had removed the cattle within the time permitted. However, the state does not argue or cite authority for the proposition that a court's finding that such a condition has been met must be in a written order or modification of judgment. Such practices may be preferable, but also may be impracticable. For instance, in this case, the judgment gave defendant 90 days to remove all cattle from his properties. The sentencing court granted him additional time, sometimes in written orders, sometimes at status hearings. Our trial courts are busy, and we, as well as they, should keep our eyes on the prize. Here, the sentencing court was correctly focused on ensuring that defendant removed cattle that were polluting public waters. The sentencing court granted defendant time to do so, and the law did not require that it act only by written order or modification of the judgment of conviction. The same is true for the sentencing court's finding that defendant had removed the cattle within the time permitted. Although it may have been preferable

for the court to enter a written order to that effect, that was not required.

Applicant sought satisfaction of judgment under ORS 137.452(4)(a), which provides, as relevant here, that "when the entries in the register and the financial accounting records for the court show conclusively that a monetary obligation imposed in a criminal action has been paid in full, the clerk of the court may note in the register that the money award portion of the judgment has been paid in full." In this case, applicant does not contend that the sum of $125,000 had been paid, but that the obligation to pay it had been suspended and that that sum was no longer owing. Accordingly, applicant argues, the trial court was required to enter a full satisfaction of judgment.

Before the trial court, the state argued that, applying ORS 137.452(4)(a), the trial court could satisfy the judgment "[i]f Your Honor thinks that given the nature of this record that it's clear that [defendant] met [the applicable] conditions[.]" And, in its arguments to this court, the state accepts that, if, as a matter of law, the sentencing court's actions constitute a suspension of defendant's obligation to pay the sum of $125,000, the trial court was required to enter a full satisfaction of judgment.

Again, we review a question of entitlement to the relief of satisfaction of judgment for legal error. *See Cooksley*, 289 Or App at 106 (so reviewing a motion for partial satisfaction of the judgment). And, as we have explained, the only conclusion the trial court could reach was that the sentencing court had found that defendant had met the conditions necessary for suspension of $125,000 of the fine. As applicant argues, as the state accepted when it filed a partial satisfaction for $100,000 of the fine, and as the state accepts on appeal, applicant was not required to show that the sum of $125,000 was paid; it was sufficient for applicant to show that the fine had been suspended and was no longer owed. We hold that, as a matter of law, the trial court was required to enter a full satisfaction of judgment.

We reverse the decision of the trial court and remand for entry of a full satisfaction of judgment.

Reversed and remanded.